UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE OF THE FAMILY OF COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>JEFF GRISOM; SAN DIEGO DEPARTMENT OF CHILD SUPPORT SERVICES; ADAM WORTHEMIRE; and JESUS SOTO,<br><br>Defendants. | Case No.: 21-CV-2136 JLS (DEB)<br><br>**ORDER (1) GRANTING DEFENDANT WERTHEIMER'S MOTION TO DISMISS; (2) DENYING AS MOOT REQUEST FOR JUDICIAL NOTICE; AND (3) TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**<br><br>(ECF Nos. 4, 6-1) |

Presently before the Court are Defendant Adam Wertheimer's (erroneously sued as "Adam Worthemire," hereinafter "Defendant" or "Commissioner Wertheimer") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 4) and Request for Judicial Notice ("RJN," ECF No. 6-1). Also before the Court are Plaintiff Joe of the Family of Collins's ("Plaintiff") Opposition to the Motion ("Opp'n," ECF No. 5), Defendant's Reply in support of the Motion (ECF No. 6), and Plaintiff's Sur-Reply ("Sur-Reply," ECF No. 9). Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court **GRANTS** the Motion, **DENIES AS MOOT** the RJN, and

**DISMISSES** the Complaint as to Defendant. Based on the Court's findings, the Court further **ORDERS** Plaintiff to **SHOW CAUSE** why the remainder of this action should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Although not entirely clear in his Complaint, Plaintiff appears to allege that in 2017 his due process and civil rights were violated in relation to a child support and parentage action in the San Diego Superior Court. *See generally* Compl. Defendant, the Commissioner of the Superior Court of California, County of San Diego, presided over the state court action. *See id.* Plaintiff contends that he attended a hearing before Defendant by telephone on April 11, 2017, where Plaintiff allegedly "challenged the lack of service of process, subject matter jurisdiction, [and the] constitutionality of the hearing" in state court. *Id.* at 6. Plaintiff states that Defendant "set the hearing for continuation," but Plaintiff claims he was never notified of subsequent hearings that took place on or around May 30, June 7, and September 5, 2017. *See id.* These hearings resulted in an allegedly "fraudulent default" child support order, issued on October 24, 2017. *See id.* Plaintiff contends he was not informed of the legal consequences of the child support order, such as wage withholding, property liens, seizure and sale of property, seizure of tax refunds, and adverse credit reporting. *See id.*

Plaintiff commenced this action on December 28, 2021, against Jeff Grisom, the Acting Director of San Diego Child Support Services; the San Diego Department of Child Support Services; the Honorable Adam Wertheimer, Commissioner of the Superior Court of California, County of San Diego; and Jesus Soto, a Child Support Program attorney. *See generally* Compl. Plaintiff appears to contend that the state court child support order was fraudulent and violated his due process rights because (1) it was improper for a commissioner rather than a judge to hear the case without his affirmative consent, (2) a state court did not have jurisdiction to hear this type of action, (3) he was improperly assigned an attorney to represent him without his consent or knowledge, and (4) he was not informed of the legal consequences of the child support order. *See id.* at 6. Plaintiff

asserts a claim under 42 U.S.C. § 1983 for alleged violations of the "Fifth and Fourteenth Amendments of the United States Constitution, 45 C.F.R. § 303.101(c)(2); 42 U.S.C. § 666(a)(3)(A); and 42 U.S.C. § 666(a)(5)(C)(i)." *Id.* at 4.  Plaintiff appears to be seeking a judgment against Defendants for costs of this action, a letter of apology, and damages of $3,000,000.  *See id.* at 8.

Plaintiff filed an executed summons on February 4, 2022.  ECF No. 4.  Commissioner Wertheimer is the only defendant who has appeared in this matter.[1]  *See generally* Docket.  Defendant's Motion to Dismiss followed.

## MOTION TO DISMISS

### I. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject matter jurisdiction.  *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).  Although "a document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  In evaluating such a challenge, the court accepts the factual allegations in the complaint as true.  *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1

---

[1] Commissioner Wertheimer claims he was not properly served in accordance with Federal Rule of Civil Procedure 4; however, he elected to voluntarily appear in this action by filing the present motion and waived any defect in service.  Mot. at 1 n.1; *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

(9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may instead make factual determinations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242).

## II.  Analysis

Defendant raises several arguments for why this Court should dismiss the claims against him, including because the entire action is barred pursuant to the *Rooker–Feldman* doctrine. Mot. at 5–6.

"Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgement of a state court." *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker–Feldman* precludes jurisdiction when federal court proceedings arise out of a final state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it"). The *Rooker–Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the

bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of the Due Process Clause. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987) (quoting *Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 82–83 (1878)).

Defendant argues that this Court lacks subject matter jurisdiction under *Rooker–Feldman* because "a determination by this Court in favor of Plaintiff would unquestionably undercut the decisions and judgments in the state court action." Mot. at 6. Defendant argues that the Court would have "to scrutinize both the rulings and application of various state procedural rules to determine that Plaintiff was deprived of his civil rights." *Id.* In response, Plaintiff argues that his claim is outside *Rooker–Feldman* because his "legal rights have been invaded and a federal statute provides for a general right to sue for such invasion." Opp'n at 6. Plaintiff claims that the state court "had neither personal nor subject matter jurisdiction to adjudicate the matter, but they willingly ignored that." Sur-Reply at 3.

The Court finds that the claim against Defendant is barred under *Rooker–Feldman*. Although Plaintiff's Complaint is not entirely clear as to which claims apply to which defendant, Plaintiff calls upon this Court to review the legality of the San Diego County Superior Court's child support order. Plaintiff's constitutional challenges to the San Diego County Superior Court's order require review of the state court's decision and judgments rather than an investigation of new factual issues. Plaintiff challenges the child support order based on lack of jurisdiction, lack of service of process, and lack of notice of hearings. *See* Compl. at 6. Additionally, Plaintiff claims it was improper for a commissioner instead of a judge to preside over this type of case. *See id.* These types of claims, alleging that the procedures and process were inadequate in a particular state court proceeding, fall squarely

under *Rooker–Feldman*. *See, e.g.*, *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607 (9th Cir. 2005) (noting that district court lacked subject matter jurisdiction pursuant to *Rooker–Feldman* because plaintiff challenged a state court's failure to hold a hearing required by state rule).  Thus, Plaintiff's claims are "inextricably intertwined" with the state court's ruling. *See Feldman* 460 U.S. at 284–85; *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of L.A.*, 23 F.3d 218, 221 (9th Cir. 1994).  Therefore, the case against Defendant is barred under *Rooker–Feldman*. *See, e.g.*, *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("The law does not allow a federal court to review the child support orders created by a state court."); *Rucker v. Cnty. of Santa Clara, State of Cal.*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding that under *Rooker–Feldman*, the court lacked subject matter jurisdiction to declare a state court child support order garnishing disability benefit payments void as a matter of law).

In sum, *Rooker-Feldman* applies to this case and bars Plaintiff's claims against Defendant.[2] *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding *Rooker–Feldman* applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements"). Accordingly, the Court **GRANTS** Defendant's Motion.[3]

///

---

[2] Aside from the lack of subject matter jurisdiction over Plaintiff's claims against Defendant, Plaintiff's claims against Commissioner Wertheimer are barred by judicial immunity. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam) (holding that judicial immunity extends to court commissioners performing judicial functions).

[3] Defendant requests the Court take judicial notice of various superior court records related to Plaintiff's allegations in the present action. *See generally* RJN.  As the Court has found it lacks subject matter jurisdiction based on Plaintiff's Complaint, *see supra*, the Court declines to take judicial notice of these records and **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 6-1).

**ORDER TO SHOW CAUSE**

Based on the foregoing, the Court is inclined to find Plaintiff's entire case is barred under the *Rooker–Feldman* doctrine. *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482. Accordingly, this Court **ORDERS** Plaintiff **TO SHOW CAUSE** why the remainder of this action should not be dismissed for lack of subject matter jurisdiction under *Rooker–Feldman*. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action). Plaintiff **SHALL FILE** a response to this Order not exceeding <u>ten (10) pages</u> on or before <u>July 15, 2022</u>. Plaintiff's response **SHALL ADDRESS** how his claims against the remaining defendants are not barred by *Rooker–Feldman* such that federal subject matter jurisdiction exists over the instant action. ***Should Plaintiff fail to timely respond to this Order, the Court will construe Plaintiff's non-response as agreement that federal subject matter jurisdiction is lacking and dismissal of the remainder of this matter is appropriate.***

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 4), **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 6-1), and **DISMISSES** Plaintiff's claims against Commissioner Wertheimer for lack of subject matter jurisdiction. Given the jurisdictional deficiencies and Defendant's judicial immunity, the Court finds that amendment would be futile. Accordingly, Plaintiff's Complaint is dismissed as to Commissioner Wertheimer without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)). The Clerk of the Court **SHALL TERMINATE** Defendant Adam Wertheimer from the docket.

Furthermore, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the remainder of this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff **SHALL FILE** a response to this Order not exceeding <u>ten (10) pages</u> on or before <u>July 15, 2022</u>. If Plaintiff fails to timely respond, the Court will dismiss this action both for lack of subject matter jurisdiction and failure to comply with an order of this Court requiring a response.

**IT IS SO ORDERED.**

Dated: June 15, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge