1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| JOE OF THE FAMILY OF COLLINS, | Case No.: 21-CV-2136 JLS (DEB) |
|---|---|
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND** |
| v. | |
| JEFF GRISOM; SAN DIEGO DEPARTMENT OF CHILD SUPPORT SERVICES; ADAM WORTHEMIRE; and JESUS SOTO, | |
| Defendants. | |

On June 15, 2022, the Court found it lacked subject matter jurisdiction over Plaintiff's claims against Defendant Adam Wertheimer pursuant to the *Rooker-Feldman* doctrine. ECF No. 10 (the "Order") at 6. The Court granted Defendant Wertheimer's Motion to Dismiss and issued an Order to Show Cause ("OSC") that ordered Plaintiff to file a response showing why the remainder of this action should not be dismissed for lack of subject matter jurisdiction. *Id.* at 7. Plaintiff filed a response to the OSC on July 18, 2022 ("Resp.," ECF No. 11). Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), Plaintiff's Response to the OSC, and the law, the Court finds it lacks subject matter jurisdiction over this action and **DISMISSES** Plaintiff's Complaint.

# BACKGROUND

Plaintiff alleges that in 2017 his due process and civil rights were violated in relation to a child support and parentage action in the San Diego Superior Court. *See generally* Compl. Plaintiff contends that he attended a hearing by telephone on April 11, 2017, where Plaintiff allegedly "challenged the lack of service of process, subject matter jurisdiction, [and the] constitutionality of the hearing" in state court. *Id.* at 6. Plaintiff states that the commissioner presiding over the case "set the hearing for continuation," but Plaintiff claims he was never notified of subsequent hearings that took place on or around May 30, June 7, and September 5, 2017. *See id.* These hearings resulted in an allegedly "fraudulent default" child support order, issued on October 24, 2017. *See id.* Plaintiff contends he was not informed of the legal consequences of the child support order, such as wage withholding, property liens, seizure and sale of property, seizure of tax refunds, and adverse credit reporting. *See id.*

Plaintiff commenced this action on December 28, 2021, against Jeff Grisom, the Acting Director of San Diego Child Support Services; the San Diego Department of Child Support Services; the Honorable Adam Wertheimer, Commissioner of the Superior Court of California, County of San Diego; and Jesus Soto, a Child Support Program attorney. *See generally* Compl. Plaintiff appears to contend that the state court child support order was fraudulent and violated his due process rights because (1) it was improper for a commissioner rather than a judge to hear the case without his affirmative consent, (2) a state court did not have jurisdiction to hear this type of action, (3) he was improperly assigned an attorney to represent him without his consent or knowledge, and (4) he was not informed of the legal consequences of the child support order. *See id.* at 6. Plaintiff asserts a claim under 42 U.S.C. § 1983 for alleged violations of the "Fifth and Fourteenth Amendments of the United States Constitution; 45 C.F.R. § 303.101(c)(2); 42 U.S.C. § 666(a)(3)(A); and 42 U.S.C. § 666(a)(5)(C)(i)." *Id.* at 4. Plaintiff appears to be seeking a judgment against Defendants for costs of this action, a letter of apology, and damages of $3,000,000. *See id.* at 8.

Plaintiff filed an executed summons on February 4, 2022. ECF No. 4. Commissioner Wertheimer is the only defendant who has appeared in this matter. *See generally* Docket. Commissioner Wertheimer filed a Motion to Dismiss, *see* ECF No. 4, which the Court granted based on the Court's lack of subject matter jurisdiction and Commissioner Wertheimer's judicial immunity, ECF No. 10. Based on the Court's findings in the Order, the Court ordered Plaintiff to show cause why the remainder of the action should not be dismissed for lack of subject matter jurisdiction. ECF No. 10 at 7.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Although "a document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction[.]" *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

"Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgement of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker–Feldman* precludes jurisdiction when federal court proceedings arise out of a final state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it"). The *Rooker–Feldman* jurisdictional bar applies even if the

complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of the Due Process Clause. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987) (quoting *Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 82–83 (1878)).

## ANALYSIS

In his Response to the Court's OSC, Plaintiff argues that the Court has subject matter jurisdiction over this matter pursuant to Article III of the U.S. Constitution because "there is a federal ingredient." Resp. at 1 (citing *Osborn v. Bank of U.S.*, 22 U.S. 738 (1824)). Plaintiff contends that his "constitutionally protected rights have been violated" by "the San Diego Child Support Enforcement Agency and those associated with" the child support and parentage action in the San Diego Superior Court. *Id.* at 2. Plaintiff claims that he is "challenging the Constitutionality of the Child Support Enforcement process and the unlawful default order forced on [him]." *Id.* at 3.

The Court finds that Plaintiff's claims are barred under *Rooker–Feldman*. Plaintiff calls upon this Court to review the legality of the San Diego County Superior Court's child support order and the state court process. Plaintiff's constitutional challenges to the San Diego County Superior Court's order require review of the state court's decision and judgments rather than an investigation of new factual issues. Plaintiff challenges the child support order based on lack of jurisdiction, lack of service of process, and lack of notice of hearings. *See* Compl. at 6. Additionally, Plaintiff claims it was improper for a commissioner instead of a judge to preside over this type of case. *See id.* These types of claims, alleging that the procedures and process were inadequate in a particular state court

proceeding, fall squarely under *Rooker–Feldman*. *See, e.g.*, *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607 (9th Cir. 2005) (noting that district court lacked subject matter jurisdiction pursuant to *Rooker–Feldman* because plaintiff challenged a state court's failure to hold a hearing required by state rule). The *Rooker–Feldman* jurisdictional bar applies even though Plaintiff claims Defendants' actions violated his constitutional rights. *See Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). Thus, Plaintiff's claims are "inextricably intertwined" with the state court's ruling. *See Feldman* 460 U.S. at 284–85; *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of L.A.*, 23 F.3d 218, 221 (9th Cir. 1994). Therefore, the case is barred under *Rooker–Feldman*. *See, e.g.*, *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("The law does not allow a federal court to review the child support orders created by a state court."); *Rucker v. Cnty. of Santa Clara, State of Cal.*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding that under *Rooker–Feldman*, the court lacked subject matter jurisdiction to declare a state court child support order garnishing disability benefit payments void as a matter of law).

In sum, *Rooker-Feldman* applies to this case and bars Plaintiff's claims. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding *Rooker–Feldman* applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements"). Accordingly, the Court **DISMISSES** this action for lack of subject matter jurisdiction under *Rooker–Feldman*. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction. Given the jurisdictional deficiencies, the Court finds that

amendment would be futile.  Accordingly, Plaintiff's Complaint is dismissed **WITHOUT LEAVE TO AMEND**.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).  As this concludes litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 11, 2022

Hon. Janis L. Sammartino
United States District Judge